William J. Regan, S.
A hearing was held on April 11, 1973, in connection with the claim by the estate that a rocking chair, described as having principally sentimental value, was in the possession of Arthur C. McDowell. The executrix, who is the sister and cobeneficiary in the estate with Arthur 0. McDowell, claimed that a rocking chair was removed from her father’s living quarters and is presently in the possession of her brother and that it, in fact, belongs to the estate. It was conceded by Arthur 0. McDowell that he did, in fact, have the chair. He claimed gift and admitted that he had removed the chair from the premises of the deceased on July 21, 1972, the day before *664 Ms death. In support of this claim a son of claimant, presently in the United States Navy, stated that some years ago and prior to May of 1968 the deceased had told his father that he would give the chair to him and keep it in the family and that later, apparently in 1970 when he was on leave, that the decedent, the witness’s grandfather, told Arthur McDowell, “ You can have the chair.” However, it remained in the apartment of the deceased until the day before his death.
The claimant’s daughter testified that back in 1968 the decedent had told her father that he could have the chair and that on the second occasion, some six or seven months before the death of the decedent, he told her father, “ Take it upstairs.” Her father said that he did not have enough room and that he would leave it in the premises owned by the deceased. That is the only proof that was offered concerning the title to the rocking chair.
The burden of proving that a gift was made is upon the one asserting it, and such proof must be established by clear, convincing and satisfactory evidence. (Matter of Kelly, 285 N. Y. 139, 150.) ' Assuming this court accepts the testimony of the claimant’s daughter we would have, at best, an offer to remove the chair from the premises which was declined and the curious result that the chair was, in fact, moved almost immediately before the death of the decedent. The elements of gift are intent, delivery and acceptance. The element of delivery is the apparent stumbling block to a finding of gift in the case at bar, ‘1 To consummate a gift, whether inter vivas or causa mortis, the property must be actually delivered and the donor must surrender the possession and dominion thereof to the donee.” (Ridden v. Thrall, 125 N. Y. 572, 579; Matter of Presender, 285 App. Div. 109.) Effective delivery must put the subject of the gift out of the testator’s possession and control. (Matter of Van Alstyne, 207 N. Y. 298, 306.)
Under all the circumstances claimant failed to prove an effective delivery, actual or constructive. It is to be noted that the subject of this controversy is a chair which is clearly identifiable but without any apparent value other than of a sentimental nature.
It is accordingly the decision of this court that the claimant, Arthur C. McDowell, has failed to establish ownership to the rocking chair by reason of his alleged claim of gift and that title thereto belongs to the estate.
In View of the nature of the claim herein and in view of the circumstances developed upon the hearing herein the court, as a part of this decision, directs that Mildred M. Hoover remain *665 as executrix for an indefinite period of time and she is directed
not to attempt to sell the chair to a third party and, since the property cannot reasonably be divided and/or sold that the use of the rocking chair be shared equally. Although it may sound strange, substantial justice would prevail if the respondent, Arthur C. McDowell, were to have the use of the chair up to and including July 1, 1973, on which date he is then directed to make the rocking chair available to the executrix, who will take possession of it until the end of December 1973. The executrix is then directed to return the chair to her brother for a six-month period. This arrangement to continue unless terminated voluntarily between parties or until one or the other is deceased.
Since the chair has only nominal and/or sentimental value, it again would appear that substantial justice would prevail if on the death of either the brother or sister the chair becomes the sole property of the survivor thereof and such direction shall accordingly he contained in the order embracing this decision.